COPY

1   BRYAN A. MERRYMAN (SBN 134357)
    bmerryman@whitecase.com
2   MELISSA J. NADAL (SBN 272318)
    mnadal@whitecase.com
3   WHITE & CASE LLP
    633 W. Fifth Street, Suite 1900
4   Los Angeles, CA 90071-2007
    Telephone: (213) 620-7700
5   Facsimile: (213) 452-2329

6

7   Attorneys for Defendant
    COSTCO WHOLESALE CORPORATION
8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  JOAN LEWIS, individually and on        No. CV12-4820 —JAK
    behalf of a class and subclass of           (AJWx)
13  similarly situated individuals,

14                        Plaintiff,        NOTICE OF REMOVAL OF
                                            ACTION UNDER 28 U.S.C.
15            v.                            §§ 1332(d)(2), 1441(a), 1453(b)
                                            (CLASS ACTION FAIRNESS
16  COSTCO WHOLESALE                        ACT OF 2005)
    CORPORATION, a Washington
17  Corporation, and DOES 1 through 10,
    Inclusive,
18
                          Defendant.
19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1453, defendant Costco Wholesale Corporation ("Costco") hereby removes to this Court the state court action described below.

## JURISDICTION AND ASSIGNMENT TO COURT

1.   This is a putative civil class action over which this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. §§ 1332(d)(2), 1441(a), and 1453(b).  It is a putative civil class action in which diversity exists between at least one plaintiff and a defendant, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the putative class consists of at least 100 members.  *See* 28 U.S.C. § 1332(d)(2).

2.   Assignment to this Court is proper because the civil action is being removed from the Superior Court of California, County of Los Angeles.  *See* 28 U.S.C. §§ 1446(a), 1453(b).

3.   Pursuant to 28 U.S.C. § 1446(d), defendant is providing written notice of this Notice of Removal of Action to counsel for plaintiff and the Clerk of the Superior Court of California for the County of Los Angeles.

## STATE COURT ACTION

4.   An action styled *Joan Lewis, individually and on behalf of a class and subclass of similarly situated individuals v. Costco Wholesale Corporation, a Washington corporation, and Does 1 through 10, inclusive,* was commenced in the Superior Court of the State of California for the County of Los Angeles on May 1, 2012, and assigned Case Number BC 483831.  A true copy of the complaint ("Complaint") and other documents served on Costco is attached hereto as Exhibit A.

5.   Costco was served with the Complaint on May 4, 2012.

6.   This Notice is timely under 28 U.S.C. § 1446(b), as it is made within 30 days of the date on which Costco was served with a copy of the Complaint.

- 2 -

## GROUNDS FOR REMOVAL

7.      Congress enacted CAFA on February 18, 2005, "[t]o amend the procedures that apply to consideration of interstate class actions to assure fairer outcomes for class members and defendants." Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4-14. CAFA amends the federal diversity statute, 28 U.S.C. § 1332, and "now vests original jurisdiction for class actions in federal court where there is minimal diversity and the amount in controversy exceeds $5,000,000." *Bush v. Cheaptickets*, 425 F.3d 683, 684 (9th Cir. 2005).

8.      Minimal diversity exists here and the removal of this putative class action to federal court is proper because: (1) the number of putative class members exceeds 100; (2) any class member is a citizen of a different state than any defendant; and (3) the amount in controversy of the combined claims of all class members exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6); Complaint, ¶¶ 4-5, 27, 43, 51; Wiebke Decl., ¶¶ 3-4. A true copy of the Declaration of Janet Wiebke ("Wiebke Decl.") is attached hereto as Exhibit B.

9.      <u>Numerosity</u>: Plaintiff Joan Lewis brings this action on her own behalf and on behalf of a class and subclass of similarly situated persons located in California who allegedly "participated in one or more telephone conversations with the Costco call center" and "whose calls with the Costco call center were recorded by Defendants without notice." Complaint, ¶¶ 21-22. The Complaint alleges without explanation or basis that "the Class and Subclass consist of at least seventy-five individuals." Complaint, ¶ 27. Since January 1, 2012, Costco has received in excess of 5,000 calls from California residents who called Costco using the toll-free telephone number referenced in the Complaint (888-992-2773). Wiebke Decl., ¶ 4. CAFA's requirement that the proposed class include at least 100 members is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

10.   Diversity of citizenship:  Under 28 U.S.C. § 1332(d)(2), the diversity of citizenship requirement is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Costco was at the time of the filing of this action, and remains, incorporated under the laws of the state of Washington, with its principal place of business in Washington. Complaint, ¶ 5; Wiebke Decl., ¶ 3.  Plaintiff Joan Lewis is a citizen of California. Complaint, ¶ 4.  Diversity of citizenship exists because plaintiff Joan Lewis and defendant Costco are citizens of different states.

11.   Amount in controversy:  Under 28 U.S.C. § 1332(d)(2), the amount in controversy requirement is met if the matter in controversy of the combined claims of all class members exceeds $5 million, exclusive of interests and costs.  28 U.S.C. §§ 1332(d)(2), (6).  Here, the Complaint alleges that plaintiff and each class member and subclass member is entitled to recover damages for each of Costco's alleged violations of California Penal Code §§ 632 and 632.7.  Complaint, ¶¶ 43, 51.  California Penal Code § 637.2 provides for damages in the amount of five thousand dollars ($5,000) per violation, or three times the amount of actual damages, if any.  Cal. Pen. Code § 637.2.  Because Costco has received over 5,000 calls since January 1, 2012, using the toll-free number referenced in the Complaint (see Wiebke Decl., ¶ 4), the amount in controversy exceeds $5 million: California Penal Code § 637.2's minimum fine of $5,000 per violation multiplied by at least 5,000 putative members of plaintiff's proposed class yields an amount in controversy in excess of $5 million.

12.   This action does not fall within any of the exclusions to removal jurisdiction recognized by 28 U.S.C. §§ 1332(d) and 1446.

1       WHEREFORE, Costco prays this action now pending in the Superior Court

2   of California for the County of Los Angeles be removed to the United States

3   District Court for the Central District of California.

4

5   Dated:  June 1, 2012               WHITE & CASE LLP

6

7                          By:

8                            Bryan A. Merryman

                              Attorneys for Defendant

9                            COSTCO WHOLESALE

                            CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 633 W. Fifth Street, Suite 1900, Los Angeles, CA 90071-2007. I am employed by a member of the Bar of this Court at whose direction the service was made.

On June 1, 2012, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d)(2), 1441(a), 1453(b) (CLASS ACTION FAIRNESS ACT OF 2005)** on the person(s) below, as follows:

Attorneys for Plaintiff
Joan Lewis

Kenneth S. Gaines, Esq.
Daniel F. Gaines, Esq.
Alex P. Katofsky, Esq.
Gaines & Gaines, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367

Scott A. Miller, Esq.
Bonnie Fong, Esq.
Law Offices of Scott A. Miller, APC
16133 Venture Blvd., Suite 645
Encino, CA 91436

☒ **(BY MAIL)** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing at 633 W. Fifth St., Suite 1900, Los Angeles, California, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

- 1 -

LOS ANGELES 953570 (2K)

PROOF OF SERVICE

☐ **(BY OVERNIGHT DELIVERY)** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier, or delivered it to an authorized courier or driver authorized by the carrier to receive documents, with delivery fees paid.

☐ **(BY PERSONAL SERVICE)** I personally delivered the document(s) to the person(s) at the address(es) listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the document(s) in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the document(s) at the party's residence with some person not less than 18 years of age between the hours of 8:00 a.m. and 6:00 p.m.

☐ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I transmitted the document(s) electronically to the person(s) at the e-mail address(es) listed above. The transmission was reported as complete and without error.

Executed on June 1, 2012, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

_____

Karina Amador

- 2 -

LOS ANGELES 953570 (2K)

PROOF OF SERVICE

# EXHIBIT A

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 1 — 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

1   KENNETH S. GAINES, ESQ. SBN 049045
    ken@gaineslawfirm.com
2   DANIEL F. GAINES, ESQ. SBN 251488
    daniel@gaineslawfirm.com
3   ALEX P. KATOFSKY, ESQ. SBN 202754
    alex@apkatlaw.com
4   GAINES & GAINES, APLC
    21550 Oxnard Street, Suite 980
5   Woodland Hills, California 91367
    Telephone:    (818) 703-8985
6   Facsimile:    (818) 703-8984

7   SCOTT A. MILLER, ESQ. SBN 230322
    scott.miller@smillerlawoffices.com
8   BONNIE FONG, ESQ. SBN 262739
    bonnie.fong@smillerlawoffices.com
9   LAW OFFICES OF SCOTT A. MILLER, APC
    16133 Ventura Blvd., Suite 645
10  Encino, CA 91436
    Telephone:    (818) 788-8081
11  Facsimile:    (818) 788-8080

12  Attorneys for Plaintiff
    JOAN LEWIS

13

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15              IN AND FOR THE COUNTY OF LOS ANGELES

16

17  JOAN LEWIS, individually and on behalf of a      )  Case No.  BC 4 8 3 8 3 1
    class and subclass of similarly situated         )
18  individuals,                                     )  CLASS ACTION
                                                     )
19                       Plaintiff,                  )  COMPLAINT FOR DAMAGES
                                                     )  AND INJUNCTIVE RELIEF
20  v.                                               )
                                                     )  DEMAND FOR JURY TRIAL
21  COSTCO WHOLESALE CORPORATION, a                  )
    Washington corporation;  and DOES 1              )
22  through 10, inclusive,                           )
                                                     )
23                       Defendants.                 )
                                                     )
24  _____      )

25

26

27

28
                                  - 1 -
                COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

CLASS ACTION COMPLAINT

Plaintiff Joan Lewis ("Plaintiff" or "Lewis"), on behalf of herself and a Class and Subclass of similarly situated individuals, as defined herein, alleges on information and belief and the investigation of counsel as follows:

**INTRODUCTION**

1.    This class action lawsuit arises out of Defendants' unlawful practice of recording calls made to the telephone number 1-888-992-2773 without first obtaining customer consent.  1-888-992-2773 connects consumers with the special order department for Defendants' members. Defendants then intentionally and surreptitiously record all telephone calls made to 1-888-992-2773 without ever giving notice or warning to consumers.

2.    Defendants' policy and practice of recording telephone conversations without caller consent violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*).  Specifically, Defendants' practice violates Penal Code § 632, which prohibits the recording of confidential communications made by telephone without the consent of all parties to the communication, and Penal Code § 632.7, which similarly prohibits the recording of communications made from cellular or cordless telephones without the consent of all parties to the communication.

3.    As a result of Defendants' violations, all individuals that called 1-888-992-2773 and were secretly and non-consensually recorded are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

**PARTIES**

4.    Plaintiff Joan Lewis is an individual and a resident of Los Angeles County, State of California.

5.    Costco Wholesale Corporation ("Costco" or "Defendant") is a Washington corporation headquartered in Seattle, Washington.  Costco regularly does business throughout the United States, including business in California and in the County of Los Angeles.

\\

\\

- 2 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

6.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

7.     "Defendants" means and refers to defendant Costco and the fictitiously named Defendants, each and all of them.

8.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to California Penal Code §§ 632, 632.7 and 637.2.

10.     This Court has personal jurisdiction over the parties because defendant Costco has continually and systematically conducted business in the State of California. Likewise, Plaintiff's injuries occurred in the State of California and arose out of her contact with Costco from California.

\\

- 3 -
.COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

11.     Venue is proper in this Court because the statutory violations alleged occurred in this County.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

12.     Plaintiff is informed and believes, and based thereon alleges, that Costco owns and operates retail warehouses which are open to the public throughout the United States, including California.

13.     Plaintiff is informed and believes, and based thereon alleges, that the telephone number 1-888-992-2773 connects callers to a call center located in Minnesota. At the call center, live agents of Costco collect personal information of the caller including, but not limited to first and last name, phone number, and city and state of residence. Said information is then placed into a database and is then used by Costco in an attempt to sell goods and services to the callers at a later time. Plaintiff is informed and believes, and based thereon alleges, that the call center is owned and operated by Costco.

14.     Plaintiff is informed and believes, and based thereon alleges, Defendants' employees and agents at the call center receive incoming calls from consumers, including California consumers, who have customer service needs relating to Defendants' goods and services.

15.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have intentionally utilized technology comprised of hardware and/or software to carry out a practice and policy of recording some of these calls made to and from the call center.

16.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' employees and agents at the call center were directed, trained, and instructed to, and did, record telephone calls between the call center and consumers.

17.     Plaintiff is informed and believes, and based thereon alleges, that consumers who called 1-888-992-2773 were never informed by Defendants or anyone else that their calls were being recorded. Such recording therefore necessarily occurred without consumer knowledge or

1    consent.

2        18.    On or around February 8, 2012, Plaintiff called 1-888-992-2773 from her home in

3    Northridge, California while using her cellular telephone.  During her phone call with Defendants,

4    Plaintiff was asked to share sensitive personal information with Defendants.

5        19.    Plaintiff was never informed by Defendants that her telephone conversation with

6    Defendants was being recorded and/or monitored.   She learned later that her telephone

7    conversation with Defendants was, in fact, recorded and/or monitored by Defendants.  Plaintiff did

8    not give, and could not have given consent for the telephone call to be recorded because she was

9    entirely unaware that Defendants were utilizing such practice during the telephone call.

10       20.    Plaintiff had a reasonable expectation that her telephone conversation with

11   Defendants' employees and agents was, and would remain, private and confined to the parties on

12   the telephone. She did not expect that her telephone communications with Defendants were being

13   recorded.  Such recording without her consent is highly offensive to Plaintiff and would be highly

14   offensive to a reasonable person, including members of the Plaintiff Class proposed herein.

<u>**CLASS ACTION ALLEGATIONS**</u>

16       21.    Plaintiff brings this action pursuant to California Code of Civil Procedure § 382 on

17   behalf of herself and the following class (the "Class"):

18           All persons located in California who, at any time during the applicable

19           limitations period preceding the filing of this complaint through the date of

20           resolution, participated in one or more telephone conversations with the

21           Costco call center and whose calls with the Costco call center were recorded

22           by Defendants without notice.

23       22.    Plaintiff also brings this action on behalf of herself and the following subclass (the

24   "Subclass"):

25           All persons located in California who, at any time during the applicable

26           limitations period preceding the filing of this complaint through the date of

27

28

resolution, participated in one or more telephone conversations with the Costco call center from a cellular or cordless telephone and whose calls with the Costco call center were recorded by Defendants without notice.

23.     The Class and Subclass Plaintiff seeks to represent contain numerous members and are clearly ascertainable.  Plaintiffs reserve the right under Rule 3.765 of the California Rules of Court to amend or modify the Class and Subclass definitions or to add additional subclasses or limitations to particular issues.

24.     By their unlawful actions, Defendants have violated Plaintiff's and the Class's and Subclass's privacy rights under California's Invasion of Privacy Act.  The questions raised are, therefore, of common or general interest to the Class and Subclass members, who have a well-defined community of interest in the questions of law and fact raised in this action.

25.     Plaintiff's claims are typical of those of the Class and Subclass, as Plaintiff now suffers from the same violations of the law as other putative Class and Subclass members. Plaintiff has retained competent counsel to represent her and the Class and Subclass and Plaintiff will fairly and adequately represent the interests of the class.

26.     This action may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class and Subclass are ascertainable.

Numerosity

27.     Based on information and belief, the Class and Subclass consist of at least seventy-five individuals, making joinder of individual cases impracticable.  The exact size of the Class and Subclass and the identities of the individual members thereof can be ascertained through Defendants' records.

\\

\\

\\

**Typicality**

28.     Plaintiff's claims are typical of the claims of all of the other members of the Class and Subclass. Plaintiff's claims and members of the Class and Subclass are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other Class and Subclass members.

**Common Questions of Law and Fact**

29.     There are questions of law and fact common to the Class and Subclass that predominate over any questions affecting only individual Class and Subclass members. Those common questions of law and fact include, without limitation, the following:

       a.    Whether Defendants have a policy or practice of recording telephone calls made to and from the Costco call center;

       b.    Whether Defendants have a policy or practice of not obtaining consumer consent to record telephone calls made to and from the Costco call center;

       c.    Whether Defendants violated California Penal Code §§ 632 and 632.7 by non-consensually recording telephone conversations between consumers and the Costco call center; and

       d.    Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for every violation of Penal Code §§ 632 and/or 632.7.

**Adequacy**

30.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other Class and Subclass members, and have

1  the financial resources to do so.  Neither Plaintiff, nor her counsel, have any interests adverse to

2  those of the other Class or Subclass members.

3  Superiority

4      31.    A class action is superior to other available methods for the fair and efficient

5  adjudication of this controversy, since individual litigation of the claims of each Class and/or

6  Subclass member is impracticable.  Even if every individual Class and/or Subclass member could

7  afford individual litigation, the court system could not.  It would be unduly burdensome to the

8  Court in which the individual litigation of the numerous cases would proceed.  Individualized

9  litigation would also present the potential for varying, inconsistent, or contradictory judgments and

10  would magnify the delay and expense to all parties and to the court system resulting from multiple

11  trials of the same factual issues.  By contrast, the conduct of this action as a class action presents

12  few management difficulties, conserves the resources of the parties and of the court system, and

13  protects the rights of each Class and Subclass member.  Plaintiff anticipates no difficulty in the

14  management of this case as a class action.

15      32.    The prosecution of separate actions by individual Class and Subclass members may

16  create a risk of adjudications with respect to them that would, as a practical matter, be dispositive

17  of the interests of the other Class and Subclass members not parties to such adjudications or that

18  would substantially impair or impede the ability of such non-party Class or Subclass members to

19  protect their interests.

20      33..    The prosecution of individual actions by Class and Subclass members would

21  establish inconsistent standards of conduct for Defendants.

22      34.    Defendants have acted or refused to act in respects generally applicable to the Class

23  and Subclass, thereby making appropriate final and injunctive relieve or corresponding declaratory

24  relief with regard to members of the Class as a while as requested herein.  Likewise, Defendants'

25  conduct as described above is unlawful, capable of repetition, and will continue unless restrained

26  and enjoined by the Court.

27

28

### FIRST CAUSE OF ACTION

#### UNLAWFUL RECORDING OF CONFIDENTIAL COMMUNICATIONS

#### PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

#### (VIOLATION OF CALIFORNIA PENAL CODE § 632)

35.     Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

36.     Plaintiff participated in one or more telephone calls with agents at the Costco call center, initiated through Plaintiff's calls to the telephone number 1-888-992-2773.

37.     Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendants intentionally made use of a telephonic system that enabled them to secretly record telephone conversations between Plaintiff and Class and Subclass members and the Costco call center.

38.     Plaintiff is informed and believes, and based thereon alleges, Plaintiff's and Class members' telephone conversations with the Costco call center were secretly recorded by Defendants.

39.     Plaintiff is informed and believes, and based thereon alleges, Defendants did not advise or inform Plaintiff or Class members that their telephonic communications with the Costco call center would be recorded at the outset of the call.  Defendants did not obtain, and could not have obtained, Plaintiff or Class members' express or implied advance consent to record such conversations without ever informing them that their calls were being recorded.

40.     Plaintiff is informed and believes, and based thereon alleges, that all calls to and from the Costco call center that have been surreptitiously recorded by Defendants were "confidential communications" within the meaning of California Penal Code §632(c) in that Plaintiff desired and expected the telephone communications to be confined to the parties thereto and not recorded and/or further disseminated.  Plaintiff and Class members had an objectively reasonable expectation that their calls were not being recorded.  Plaintiff's and Class members'

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

expectation of privacy was objectively reasonable because they were never informed that their calls were being monitored and/or recorded and their consent for monitoring or recording was never sought.

41.    Without advising Plaintiff and Class members that their telephonic communications were being recorded, Defendants intentionally recorded their telephone calls with Plaintiff and Class members in violation of California Penal Code § 632(a).

42.    Without obtaining express or implied advance consent to record such conversations, Defendants intentionally recorded their telephone conversations with Plaintiff and Class members in violation of California Penal Code § 632(a).

43.    Under Penal Code § 637.2, Plaintiff and Class members are therefore entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, an amount deemed proper by the California Legislature.  Plaintiff and Class members are also entitled to injunctive relief to enjoin further violations.

**SECOND CAUSE OF ACTION**

**UNLAWFUL RECORDING OF COMMUNICATIONS**

**PLAINTIFF AND THE SUBCLASS AGAINST ALL DEFENDANTS**

**(VIOLATION OF CALIFORNIA PENAL CODE § 632.7)**

44.    Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

45.    Plaintiff participated in multiple telephone calls with agents at the Costco call center, initiated by Plaintiff to the telephone number 1-888-992-2773.  During one or more of these calls, Plaintiff used her cellular telephone to engage in the conversation.

46.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendants intentionally made use of a telephonic system that enabled them to secretly record conversations between Plaintiff and Subclass members using cellular or cordless telephones and the Costco call center.

47.     Plaintiff is informed and believes, and based thereon alleges, Plaintiff's and Subclass members' cellular or cordless telephone conversations with the Costco call center were secretly recorded by Defendants.

48.     Plaintiff is informed and believes, and based thereon alleges, Defendants did not advise or inform Plaintiff or Subclass members that their cellular or cordless telephonic communications with the Costco call center would be recorded at the outset of their conversation. Defendants did not obtain, and could not have obtained, Plaintiff or Subclass members' express or implied advance consent to record such conversations without ever informing them that their calls were being recorded.

49.     Without advising Plaintiff and Subclass members that their cellular or cordless telephone communications with Defendants were being recorded, Defendants intentionally recorded cellular or cordless telephone calls in violation of California Penal Code § 632.7(a).

50.     Without obtaining express or implied advance consent to record such conversations, Defendants intentionally recorded Plaintiff's and Subclass members' cellular and/or wireless telephone conversations with them in violation of California Penal Code § 632.7(a).

51.     Under Penal Code § 637.2, Plaintiff and Subclass members are therefore entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, an amount deemed proper by the California Legislature.  Plaintiff and Class members are also entitled to injunctive relief to enjoin further violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and members of the Class and Subclass, prays for the following relief:

a.     An order certifying the Class and appointing Plaintiff Lewis representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

b.     An order certifying the Subclass and appointing Plaintiff Lewis as representative of the Subclass, and appointing counsel for Plaintiff as lead counsel for the Subclass;

- 11 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

c.  An order declaring that the actions of Defendants, as set out above, are in violation of California Penal Code § 632;

d.  An order declaring that the actions of Defendants, as set out above, are in violation of California Penal Code § 632.7;

e.  A judgment for and award of statutory damages to Plaintiff Lewis and the members of the Class and the Subclass pursuant to California Penal Code § 637.2;

f.  A permanent injunction pursuant to Penal Code § 637.2 enjoining Defendants from engaging in further conduct in violation of California Penal Code § 630, *et seq.*;

g.  Payment of costs of suit herein incurred;

h.  Payment of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5;

i.  An award of pre- and post-judgment interest; and

j.  For such other or further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

DATED: April 30, 2012

Respectfully submitted,

GAINES & GAINES
A Professional Law Corporation

By: _____
KENNETH S. GAINES
DANIEL F. GAINES
ALEX P. KATOFSKY
Attorneys for Plaintiff

- 12 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel F. Gaines, Esq. SBN 251488<br>GAINES & GAINES, APLC<br>21550 Oxnard Street, Suite 980<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 703-8985    FAX NO.: (818) 703-8984<br>ATTORNEY FOR *(Name):* Plaintiff, JOAN LEWIS | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90010
BRANCH NAME: Central

CASE NAME: Lewis v. Costco Wholesale Corporation

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 1 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 483831 |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/30/2012

Daniel F. Gaines, Esq. SBN 251488
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

05/01/12

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

<b>CASE TYPES AND EXAMPLES</b>

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice— Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ—Administrative Mandamus
Writ—Mandamus on Limited Court Case Matter
Writ—Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late Claim
Other Civil Petition

| SHORT TITLE: Lewis v. Costco Wholesale Corporation | CASE NUMBER | BC483831 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES  CLASS ACTION? [x] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 5-15  [ ] HOURS/ [x] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109

| SHORT TITLE: | Lewis v. Costco Wholesale Corporation | CASE NUMBER |
| --- | --- | --- |

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

SHORT TITLE: Lewis v. Costco Wholesale Corporation

CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☒ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>①2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Lewis v. Costco Wholesale Corporation | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 16705 Bahama Street |
|---|---|
| [x]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Northridge | STATE: CA | ZIP CODE: 91343 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>4/30/2012</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Daniel F. Gaines, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# EXHIBIT B

1  BRYAN A. MERRYMAN (SBN: 134357)
   bmerryman@whitecase.com
2  MELISSA J. NADAL (SBN: 272318)
   mnadal@whitecase.com
3  WHITE & CASE LLP
   633 W. Fifth Street, Suite 1900
4  Los Angeles, CA  90071-2007
   Telephone:  (213) 620-7700
5  Facsimile:  (213) 452-2329

6

7  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 | JOAN LEWIS, individually and on behalf of a class and subclass of similarly situated individuals, | No.
13 |  | **DECLARATION OF JANET WIEBKE IN SUPPORT OF DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL**
14 |                    Plaintiff, |
15 |       v. |
16 | COSTCO WHOLESALE CORPORATION, a Washington Corporation, and DOES 1 through 10, Inclusive, |
17 |  |
18 |  |
19 |                    Defendant. |

20

21

22

23

24

25

26

27

28

## DECLARATION OF JANET WIEBKE

I, Janet Wiebke, declare:

1.     I am an Assistant General Merchandise Manager for Costco Wholesale Corporation ("Costco").  I have held this position since 2004.  As an Assistant General Merchandise Manager, among my current duties, I have overall responsibility for calls made to the toll-free number 888-992-2773.

2.     In preparing this declaration, I have relied upon my personal knowledge and my review of Costco's business records, maintained under my supervision and control, including memoranda, reports and records of acts, events, and transactions made in the regular course of Costco's business at or near the time of the act, event or transaction.  In the regular course of my duties as an Assistant General Merchandise Manager, I review Costco's records regarding the number of calls received by Costco, including records regarding calls made by California residents to Costco's call centers.

3.     Costco is a Washington corporation with its headquarters and principal place of business in the state of Washington.

4.     Since January 1, 2012, Costco has received over 5,000 calls from California residents who called Costco using the toll-free number 1-888-992-2773.  Each of those callers provided a unique California address and, therefore, it is unlikely the same caller used this toll-free number more than once since January 1, 2012.

I declare under penalty of perjury under the laws of the state of California and the United States of America the foregoing is true and correct.  Executed on June 1, 2012, at Issaquah, Washington.

Janet Wiebke

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 633 W. Fifth Street, Suite 1900, Los Angeles, CA  90071-2007.  I am employed by a member of the Bar of this Court at whose direction the service was made.

On June 1, 2012, I served the foregoing document(s) described as **DECLARATION OF JANET WIEBKE IN SUPPORT OF DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL** on the person(s) below, as follows:

| | |
|---|---|
| Attorneys for Plaintiff<br>Joan Lewis | Kenneth S. Gaines, Esq.<br>Daniel F. Gaines, Esq.<br>Alex P. Katofsky, Esq.<br>Gaines & Gaines, APLC<br>21550 Oxnard Street, Suite 980<br>Woodland Hills, CA 91367 |
| | Scott A. Miller, Esq.<br>Bonnie Fong, Esq.<br>Law Offices of Scott A. Miller, APC<br>16133 Venture Blvd., Suite 645<br>Encino, CA 91436 |

☒ **(BY MAIL)** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing at 633 W. Fifth St., Suite 1900, Los Angeles, California, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ **(BY OVERNIGHT DELIVERY)** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier, or delivered it to an authorized courier or driver authorized by the carrier to receive documents, with delivery fees paid.

- 1 -

☐ **(BY FAX TRANSMISSION)** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax numbers listed above. The transmission was reported as complete and without error. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **(BY PERSONAL SERVICE)** I personally delivered the document(s) to the person(s) at the address(es) listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the document(s) in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the document(s) at the party's residence with some person not less than 18 years of age between the hours of 8:00 a.m. and 6:00 p.m.

☐ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I transmitted the document(s) electronically to the person(s) at the e-mail address(es) listed above. The transmission was reported as complete and without error.

Executed June 1, 2012, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

_Karina Amador_
Karina Amador

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JOAN LEWIS | COSTCO WHOLESALE CORPORATION |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| SEE ATTACHMENT A FOR PLAINTIFF'S ATTORNEYS | SEE ATTACHMENT B FOR DEFENDANT'S ATTORNEYS |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  
☐ 3 Federal Question (U.S. Government Not a Party)  
☐ 2 U.S. Government Defendant  
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only  
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  
☒ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from another district (specify):  
☐ 6 Multi-District Litigation  
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)  
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ $5,000 per class member

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)  
28 U.S.C. 1332(d); Plaintiff and Defendant are citizens of different states and the federal court has diversity jurisdiction in this case.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)　　　　　　　　　CIVIL COVER SHEET　　　　　　　　　Page 1 of 2

American LegalNet, Inc.  
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Joan Lewis: State of California, Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Costco Wholesale Corporation: Washington |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| State of California, Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Bryan A. Merryman_        Date _June 1, 2012_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

## Attachment A

Kenneth S. Gaines (SBN: 049045)
ken@gaineslawfirm.com
Daniel F. Gaines (SBN: 251488)
daniel@gaineslawfirm.com
Alex P. Katofsky (SBN: 202754)
alex@apklaw.com
Gaines & Gaines, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367
Telephone:  (818) 703-8985
Fax:  (818) 703-8984


Scott A. Miller (SBN: 230322)
scott.miller@smillerlawoffices.com
Bonnie Fong (SBN: 262739)
bonnie.fong@smillerlawoffices.com
Law Offices of Scott A. Miller, APC
16133 Venture Blvd., Suite 645
Encino, CA 91436
Telephone:  (818) 788-8081
Fax:  (818) 788-8080

## **Attachment B**

Bryan A. Merryman (SBN: 134357)
bmerryman@whitecase.com
Melissa J. Nadal (SBN: 272318)
mnadal@whitecase.com
White & Case LLP
633 W. Fifth St., Suite 1900
Los Angeles, CA 90071-2007
Telephone:  (213) 620-7700
Fax:  (213) 452-2329

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV12- 4820 JAK (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.